BERT H. DEIXLER, State Bar No. 70614
bdeixler@proskauer.com
ROBERT H. HORN, State Bar No. 134710
rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant
CAPSTONE CAPITAL LLC

FILED
JAN - 8 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>JOHN CASTELLUCCI,<br><br>Debtor. | Case No. SV 01-20176-KT<br><br>Chapter 7<br><br>Adv. Pro. No. ________<br>(Removed from California State Court) |
| JOHN D. CASTELLUCCI, an individual; LINDA R. CASTELLUCCI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAPSTONE CAPITAL LLC, a Delaware limited liability company; KAR PROPERTIES, INC., a California corporation, dba WESTERN FIDELITY TRUSTEES, a California corporation; NORTH FORK BANK, a New York state chartered bank; and DOE 1 through DOE 30, inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL OF ACTION TO BANKRUPTCY COURT BY DEFENDANT CAPSTONE CAPITAL LLC**<br><br>[28 U.S.C. § 1452; Fed. R. Bankr. P. 9027]<br><br>[No Hearing Required] |

ORIGINAL

**TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE, THE CLERK OF THE BANKRUPTCY COURT, AND THE PARTIES TO THE ABOVE-CAPTIONED ACTION:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, Defendant Capstone Capital LLC ("Capstone") hereby removes to this Court the entire action entitled John D. Castellucci and Linda Castellucci v. Capstone Capital LLC, et al., filed in the Superior Court of the State of California for the County of Los Angeles (the "State Court"), Case No. SC 091874 (the "State Action"), and alleges as follows:

**A. The State Action**

1. The status of the State Action is as follows:

a. John D. Castellucci and Linda Castellucci, husband and wife (the "Castelluccis"), commenced the State Action by filing a complaint (the "Original Complaint") against Capstone, KAR Properties, Inc., dba Western Fidelity Trustees, and North Fork Bank on November 27, 2006. Appendix (Exhibit 1).[1]

b. On November 29, 2006, a hearing (the "TRO Hearing") was held before the State Court on the Castelluccis' ex parte application for a temporary restraining order ("TRO") seeking to enjoin Capstone from proceeding with a non-judicial foreclosure sale of certain real property owned by the Castelluccis and located at 5740 Kanan Dune Road, Malibu, California 90265 (the "Property"). Appendix (Exhibit 4).

c. At the TRO Hearing, the State Court denied the Castelluccis'

---

[1] Pursuant to Fed. R. Bankr. P. 9027(e)(2), Capstone will shortly file with this Court a two-volume "Appendix of Documents Filed in State Court Prior to Removal of Action to Bankruptcy Court" (the "Appendix") containing copies of all documents known by Capstone to have been filed with the State Court in the State Action. A copy of the Appendix, without exhibits, is attached hereto as Exhibit A. A complete copy of the Appendix may be obtained by any party in interest upon written request to counsel listed in the upper left-hand corner of this Notice of Removal.

application for a TRO.

d. On December 20, 2006, the Castelluccis filed a proof of service of the Summons and Original Complaint. The proof of service reflects that on November 28, 2006, the Castelluccis personally served the Summons and Original Complaint on counsel for Capstone. Appendix (Exhibit 14). Such purported service was defective because counsel for Capstone was not authorized to accept service. Accordingly, the Summons and Original Complaint have not been served on Capstone itself as of the date hereof. Upon information and belief, neither the Summons nor the Original Complaint have been served on any other defendant in the State Action as of the date hereof.[2]

e. A first amended complaint (the "First Amended Complaint") was served by mail on counsel for Capstone on December 21, 2006. Appendix (Exhibit 15). Again, counsel for Capstone was not authorized to accept service. The First Amended Complaint has not been served on Capstone itself as of the date hereof.

**B. <u>The Bankruptcy Case</u>**

2. On October 29, 2001, Capstone, Logan E. Williams, and Beck Oil, Inc. filed an involuntary petition for relief with this Court against John D. Castellucci, one of the plaintiffs in the State Action (the "Debtor"), <u>In re John Castellucci</u>, Case No. SV 01-20176 (the "Bankruptcy Case"). An order for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 <u>et seq</u>. (the "Bankruptcy Code") was entered on November 30, 2001.

3. On February 5, 2004, this Court converted the Bankruptcy Case to a

---

[2] Counsel for Capstone appeared at the TRO Hearing on November 29, 2006, and received a copy of the Summons and the Original Complaint on the day before the hearing. Cal. Civ. Proc. Code § 418.11 clearly states that an appearance at a hearing to oppose an ex parte request for injunctive relief is not a general appearance in the case. Counsel for Capstone has not made any other appearance in the State Action and never agreed to accept service on behalf of Capstone. The purported service of the Summons and Original Complaint on Capstone's counsel on November 28, 2006, is therefore ineffective, and Capstone has not yet been served in the State Action.

case under chapter 7 of the Bankruptcy Code. The Court appointed Amy L. Goldman as the chapter 7 trustee (the "Trustee"). As of the date of conversion to chapter 7, the Property was part of the Debtor's bankruptcy estate.

4. On March 9, 2006, the Trustee abandoned the Property pursuant to Section 544 of the Bankruptcy Code.

5. On March 30, 2006, this Court terminated the automatic stay under Section 362 of the Bankruptcy Code with respect to the Property.

6. On August 7, 2006, Capstone recorded in the Official Records of the Los Angeles County Recorder's Office a "Notice of Default and Election To Sell under Deed of Trust" with respect to the Property (the "Capstone Foreclosure Notice"). The Capstone Foreclosure Notice stated that the sum of $5,137,501.57 was due and owing to Capstone as of August 4, 2006, secured by Capstone's deed of trust against the Property (the "Capstone Deed of Trust").

### C. Claims in the State Action

7. In the First Amended Complaint, the Castelluccis allege, among other things:

a. That the Capstone Deed of Trust does not secure any outstanding indebtedness owing by the Castelluccis to Capstone and is null and void;

b. That in September 2006, Capstone fraudulently induced the Castelluccis to enter into a settlement agreement in the Bankruptcy Case (the "Settlement Agreement") pursuant to which, among other things, the Castelluccis agreed to pay Capstone the sum of $1.45 million in exchange for full satisfaction and reconveyance of the Deed of Trust; and

c. That the Castelluccis have suffered damages of at least $500,000 as a result of Capstone's fraud in connection with the Settlement Agreement.

8. In the First Amended Complaint, the Castelluccis assert six (6) causes of action against Capstone: (i) Declaratory Relief; (ii) Cancellation of Instrument; (iii) Injunction of Foreclosure Sale; (iv) Rescission of Settlement Agreement; (v)

Fraud; (vi) Quiet Title; (vii) Slander of Title; and (viii) Abuse of Process.

**D. Grounds For Removal**

9. Removal is timely under 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(a)(3) because (i) the State Action was initiated after the commencement of the Bankruptcy Case, and (ii) this Notice of Removal is filed not later than 30 days after service of the Summons and the Original Complaint. See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1329-29 (1999) (30-day period for removal under 28 U.S.C. § 1446(b) runs from the date of service of the summons and complaint, or receipt of the complaint after and apart from service of the summons, and not from the date of receipt of the complaint without formal service).

10. Removal is properly made to this Court, as the bankruptcy unit of the District Court for the district in which the State Action is pending, under 28 U.S.C. §§ 157(a) and 1452(a). E.g., Industrial Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.), 338 B.R. 703, 709-10 (N.D. Tex. 2006) (and cases cited therein), aff'd sub nom. Industrial Clearinghouse, Inc. v. Walker (In re Coastal Plains, Inc.), No. 05-10861, 2006 U.S. App. LEXIS 14375 (5th Cir. June 12, 2006); Eyecare of So. California v. Urrea (In re Eyecare of So. California), 285 B.R. 765 (Bankr. C.D. Cal. 2001).

11. The State Action may be removed to this Court pursuant to 28 U.S.C. §§ 157, 1334 and 1452 in that:

a. The State Action, which involves (i) the allowance of claims of Capstone against the Debtor and the estate, (ii) claims by the Debtor against Capstone, a creditor of the estate, arising during and in connection with the administration of the estate, (iii) interpretation of the Settlement Agreement that was entered into by the Debtor, Capstone and other creditors of the estate under the auspices of the Bankruptcy Court and in connection with the administration of the estate, (iv) the effect of abandonment of the Property and the order of the

Bankruptcy Court terminating the automatic stay with respect to the Property, and (v) the determination of the validity, extent and priority of liens in the Property, is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(A), (B), (C), (G), (K) and (O).

b. To the extent that the State Action may not be a core proceeding, the State Action is closely "related to" the Bankruptcy Case, and Capstone consents to the entry of final orders or judgments by a bankruptcy judge.

12. In view of the foregoing, this Court has original jurisdiction of the State Action pursuant to 28 U.S.C. § 1334(b).

13. Removal of the State Action will facilitate a determination in one forum of all matters relating to (i) the validity, priority and extent of liens in the Property and (ii) claims among Capstone, the Debtor and the estate.

**E. Notice To State Court**

14. Capstone will promptly file a copy of this Notice of Removal with the Clerk of the State Court and serve the appropriate notice on the parties. A copy of the "Notice of Removal of Action to Bankruptcy Court by Capstone Capital LLC," without exhibits, is attached hereto as Exhibit B.

**F. Conclusion**

15. Based on the foregoing, Capstone hereby removes the entire State Action to this Court.

DATED: January 8, 2007

BERT H. DEIXLER
ROBERT H. HORN
PROSKAUER ROSE LLP

By: ______________________
Robert H. Horn
Attorneys for Defendant
CAPSTONE CAPITAL LLC

BERT H. DEIXLER, State Bar No. 70614
bdeixler@proskauer.com
ROBERT H. HORN, State Bar No. 134710
rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant
CAPSTONE CAPITAL LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>JOHN CASTELLUCCI,<br><br>Debtor. | Case No. SV 01-20176-KT<br><br>Chapter 7<br><br>Adv. Pro. No. ____________<br>(Removed from California State Court) |
| JOHN D. CASTELLUCCI, an individual; LINDA R. CASTELLUCCI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAPSTONE CAPITAL LLC, a Delaware limited liability company; KAR PROPERTIES, INC., a California corporation, dba WESTERN FIDELITY TRUSTEES, a California corporation; NORTH FORK BANK, a New York state chartered bank; and DOE 1 through DOE 30, inclusive,<br><br>Defendants. | **APPENDIX OF DOCUMENTS FILED IN STATE COURT PRIOR TO REMOVAL OF ACTION TO BANKRUPTCY COURT**<br><br>[28 U.S.C. § 1452; Fed. R. Bankr. P. 9027]<br><br>[No Hearing Required] |

Defendant Capstone Capital LLC ("Capstone") is concurrently filing with the Court a Notice of Removal of the action entitled John D. Castellucci, et al. v. Capstone Capital, LLC, et al., filed in the Superior Court of the State of California for the County of Los Angeles (the "State Court"), Case No. SC 091874 (the "State Action"). This Appendix, filed pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(2), contains true and correct copies of all documents known to Defendant Capstone to have been filed with the State Court in the State Action as of the date hereof.

| EXHIBIT NO. | DOCUMENT |
|---|---|
| 1 | Verified Complaint For: (1) Declaratory Relief: (2) Cancellation of Instrument; (3) Injunction of Foreclosure Sale; (4) Rescission of Settlement Agreement; (5) Quiet title; (6) Slander of Title; and (7) Abuse of Process – **Filed November 27, 2006** |
| 2 | Summons to Capstone Capital, LLC – **Issued November 27, 2006** |
| 3 | Ex Parte Application For (1) Temporary Restraining Order; and (2) Order To Show Cause for the Issuance of a Preliminary Injunction; and Memorandum of Points and Authorities in Support Thereof – **For Hearing on November 29, 2006** |
| 4 | Declaration of Michael D. Shore Re: Ex Parte Notice in Support of: (1) Temporary Restraining Order; and (2) Order to Show Cause for the Issuance of a Preliminary Injunction – **For Hearing on November 29, 2006** |
| 5 | Declaration of Plaintiff John D. Castellucci in Support of: (1) Temporary Restraining Order; and (2) Order to Show Cause for the Issuance of a Preliminary Injunction – **For Hearing on November 29, 2006** |

| EXHIBIT NO. | DOCUMENT |
|---|---|
| 6 | Request for Judicial Notice in Support of Ex Parte Application for: (1) Temporary Restraining Order; and (2) Order to Show Cause for the Issuance of a Preliminary Injunction – **For Hearing on November 29, 2006** |
| 7 | [Proposed] Temporary Restraining Order and Order To Show Cause for the Issuance of a Preliminary Injunction – **For Hearing on November 29, 2006** |
| 8 | Defendant Capstone Capital LLC's Memorandum of Points and Authorities in Opposition to Plaintiffs' Ex Parte Application for a Temporary Restraining Order – Filed November – **Filed November 29, 2006** |
| 9 | Declaration of Joseph F. Ingrassia in Support of Defendant Capstone Capital LLC's Opposition to Plaintiffs' Ex Parte Application for a Temporary Restraining Order – **Filed November 29, 2006** |
| 10 | Declaration of Robert H. Horn in Support of Defendant Capstone Capital LLC's Opposition to Plaintiffs' Ex Parte Application for a Temporary Restraining Order – **Filed November 29, 2006** |
| 11 | Proof of Personal Service – **Filed November 29, 2006** |
| 12 | Notice of Ruling – **Filed November 29, 2006** |
| 13 | Notice of Case Reassignment – **Filed December 12, 2006** |
| 14 | Proof of Service of Summons – **Filed December 20, 2006** |
| 15 | Verified First Amended Complaint For: (1) Declaratory Relief: (2) Cancellation of Instrument; (3) Injunction of Foreclosure Sale; (4) Rescission of Settlement Agreement; (5) Quiet title; (6) Slander of Title; and (7) Abuse of Process |

DATED: January 8, 2007

BERT H. DEIXLER
ROBERT H. HORN
PROSKAUER ROSE LLP

By: ______________________

Robert H. Horn
Attorneys for Defendant
CAPSTONE CAPITAL LLC

PROSKAUER ROSE LLP
BERT H. DEIXLER, SBN 70614
ROBERT H. HORN, SBN 134710
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant
CAPSTONE CAPITAL LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

**WEST DISTRICT**

| | |
|---|---|
| JOHN D. CASTELLUCCI, an individual; LINDA R. CASTELLUCCI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAPSTONE CAPITAL LLC, a Delaware limited liability company; KAR PROPERTIES, INC., a California corporation, dba WESTERN FIDELITY TRUSTEES; NORTH FORK BANK, a New York state chartered bank; and DOE 1 through DOE 30, inclusive,<br><br>Defendants. | Case No. SC 091874<br><br>**NOTICE OF REMOVAL OF ACTION TO BANKRUPTCY COURT BY DEFENDANT CAPSTONE CAPITAL LLC**<br><br>Hon. Linda K. Lefkowitz<br><br>Action Filed: November 27, 2006 |

**Exhibit B Page 11**

**TO ALL PARTIES AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 9027, Defendant Capstone Capital, LLC has filed a Notice of Removal with the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, removing the above-captioned action to that Court. Attached hereto as Exhibit A is a copy of the Notice of Removal without exhibits.

Dated: January 8, 2007

PROSKAUER ROSE LLP
BERT H. DEIXLER
ROBERT H. HORN

Robert H. Horn
Attorneys for Defendant
CAPSTONE CAPITAL, LLC

Exhibit B Page 12

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On January 8, 2007, I served the forgoing document, described as:

**NOTICE OF REMOVAL OF ACTION TO BANKRUPTCY COURT BY DEFENDANT CAPSTONE CAPITAL LLC**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ (By Fax) By transmitting a true and correct copy thereof via facsimile transmission to

☒ (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (By Personal Service) By personally delivering such envelope to the addressee.

☐ By causing such envelope to be delivered by the office of the addressee by OVERNIGHT DELIVERY via Federal Express or by other similar overnight delivery service.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 8, 2007 at Los Angeles, California.

KAREN J. JONES
Type or Print Name

Karen J. Jones
Signature

Exhibit B Page 13

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On January 8, 2007, I served the forgoing document, described as:

**NOTICE OF REMOVAL OF ACTION TO BANKRUPTCY COURT BY DEFENDANT CAPSTONE CAPITAL LLC**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ (By Fax) By transmitting a true and correct copy thereof via facsimile transmission to

☒ (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (By Personal Service) By personally delivering such envelope to the addressee.

☐ By causing such envelope to be delivered by the office of the addressee by OVERNIGHT DELIVERY via Federal Express or by other similar overnight delivery service.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 8, 2007 at Los Angeles, California.

KAREN J. JONES
Type or Print Name

[signature]
Signature

**SERVICE LIST**

Castellucci, et al. v. Capstone Capital LLC, et al.

Attorneys for Plaintiffs John & Linda Castellucci
Michael D. Shore
Epport, Richman & Robbins, LLP
1875 Century Park East, Suite 800
Los Angeles, CA 90067-2512

Attorneys for Debtor John Castellucci
Daniel H. Reiss
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Chapter 7 Trustee
Amy L. Goldman
Lewis, Brisbois, Bisgaard & Smith LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012

Attorneys for Chapter 7 Trustee
George E. Schulman
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904

U.S. Trustee
Brian Fitipaldi
Office of the U.S. Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

FORM 104 (10/06)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN D. CASTELLUCCI, an individvual; and LINDA R. CASTELLUCCI, an individual | CAPSTONE CAPITAL, LLC, a Delaware limited liability company; KAR PROPRITIES, INC., a California corporation, dba WESTERN FIDELITY TRUSTEES; NORTH FORK BANK, a New York state charted bank; and DOE 1 through DOE 30, inclusive, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| MICHAEL D. SHORE<br>EPPORT, RICHMAN & ROBBINS, LLP<br>1875 Century Park East, Suite 800<br>Los Aneles, California 90067-2512<br>(310) 785-0885 | BERT H. DEIXLER and ROBERT H. HORN<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, California 90067-3206<br>(310) 557-2900 |
| **PARTY** (Check One Box Only)<br>x Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>x Creditor ☐ Other<br>☐ Trustee |

RECEIVED
JAN - 8 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Declaratory Relief; (2) Cancellation of Instrument; (3) Injunction of Foreclosure Sale; (4) Rescission of Settlement Agreement; (5) Fraud; (6) Quiet Title; (7) Slander of Title; and (8) Abuse of Process

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- 5 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- 3 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – reinstatement of stay
- 4 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- 2 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- 1 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| x Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 500,000 |

Other Relief Sought Declaratory Relief; Injunction

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| JOHN CASTELLUCCI | | SV 01-20176-KT |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| Central District of California | San Fernando Valley | Kathleen Thompson |

B104

ORIGINAL

FORM 104 (10/06), Page 2

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 1/8/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert H. Horn | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.